### EVELYN HARTUNG
*vs.*
### CITY OF MERIDEN

Superior Court      New Haven County      File No. 57399

MEMORANDUM FILED FEBRUARY 26, 1940.

*FitzGerald, Foote & FitzGerald*, of New Haven, for the Plaintiff.

*Carl H. Mueller*, of Meriden; *Watrous, Hewitt, Gumbart & Corbin*, of New Haven, for the Defendant.

WYNNE, J. The court is satisfied that the plaintiff was not in any way negligent. It was not her conduct that presents the difficulty with this case. Rather it is in the measure of the defendant's duty. The philosophy of the statute is to impose a penalty for the neglect of a public duty. In the test as to whether a sidewalk is reasonably safe, it is obvious that the im-

plied standard can only be on the basis of a norm. The law does not fix the standard for the halt, the lame, or the blind. It fixes a standard for the average person. It might be true that the shuffling gait of age or infirmity, the thoughtless skipping of a child, or the weary drag of fatigue might come to grief on some slight defect such as existed in this case. Was the condition, in and of itself, one that rendered the sidewalk other than reasonably safe? That is the question.

The court is satisfied on the strength of the pictures and the credible evidence, that there was less than an inch difference in the elevation between the flagstone sidewalk and the newer concrete walk. The natural erosion on the edge of the latter and the constant wear, of course, rounded off the edge so that there was no sharp edge nor true "stub-toe" conditon. The condition was not one that could fairly be said to call for the penalizing of the city. An inch on the end of a man's nose might be a lot, but a differential in grade level of not more than that between adjoining sidewalks (climate, building changes, progress, etc. all considered) cannot be held to constitute a defect in the significance intended by the statute and running through the definitions in every case reaching our Supreme Court.

A municipality could well base a policy upon a conception of duty a trifle more liberal perhaps than the strict letter of the law, but the court's duty is literal rather than liberal, and being so, judgment must be, and is, entered for the defendant.